**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SOLANYID RODRIGUEZ, on behalf of
herself and all others similarly situated,

Plaintiff,

-against-

REAL TIME RESOLUTIONS, INC.,

Defendant.

Civil Action Number:

**CIVIL  ACTION**

**CLASS ACTION COMPLAINT
AND
DEMAND FOR JURY TRIAL**

Plaintiff SOLANYID RODRIGUEZ (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Sirotkin Varacalli & Hamra, LLP, against Defendant REAL TIME RESOLUTIONS, INC., (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15

U.S.C. § 1692 *et seq.* ("FDCPA").

4. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its principal office located in Texas.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted

2

the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    i.   Whether Defendant violated various provisions of the FDCPA;

    ii.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

    iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute

their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS PARTICULAR TO SOLANYID RODRIGUEZ

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "10" herein with the same force and effect as if the same were set forth at length herein.

12. Some time prior to November 04, 2016, an obligation was allegedly incurred by Plaintiff.

13. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

14. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

16. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

17. At a time known only to Defendant, FIRST PREMIER BANK, directly or through an intermediary, contracted Defendant to collect on its alleged debt.

18. In its effort to collect on the FIRST PREMIER BANK obligation, Defendant contacted Plaintiff by written correspondence on November 04, 2016. ("Exhibit A").

19. This was the first written correspondence send by Defendant to SOLANYID RODRIGUEZ

20. Plaintiff upon opening and viewing the letter at the top right hand corner the following information reads:

"Original Creditor: First Premier Bank

Creditor: FIRST PREMIER BANK

Account Information as of 10/12/2016

| | |
|---|---|
| Principal Balance: | $596.44 |
| Interest Rate: | 0.00% |
| Accrued Interest: | $67.33 |
| Other Fees: | $197.08 |
| Late Fees: | $0.00 |
| Credits: | $0.00 |
| Payoff: | $860.85" |

21. The notification and collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law is unlawful.

22. Defendant's letter fails to disclose whether the balance may increase due to interest and fees.

23. Defendant failed to provide validation notice as required by 15 §1692(g)(a)

24. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. As set forth in the following Counts, Defendant's communication violated the FDCPA.


## FIRST COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692f
### The Charging of Unlawful Fees

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs number "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

27. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

28. Defendant's "Accrued Interest" interest demand is in violation of 15 U.S.C. § 1692e(1) charging an amount not authorized by the agreement creating the debt.

29. Defendant's "Accrued Interest" interest demand is in violation of 15 U.S.C. § 1692e(1) charging an amount not permitted by law.

30. Defendant's "Accrued Interest" interest demand is in violation of 15 U.S.C. § 1692f(1) for

engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payments made by phone, or by collecting an amount that was not authorized by contract or permitted by law.

31. Defendant's "Other Fees" charge demand is in violation of 15 U.S.C. § 1692e(1) charging an amount not authorized by the agreement creating the debt.

32. Defendant's "Other Fees" charge demand is in violation of 15 U.S.C. § 1692e(1) charging an amount not permitted by law.

33. Defendant's "Other Fees" charge demand is in violation of 15 U.S.C. § 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payments made by phone, or by collecting an amount that was not authorized by contract or permitted by law.

34. In addition, Defendant's additional interest charge, "Accrued Interest" is in violation of 15 U.S.C. § 1692e(2)(A), which prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt, where Defendant misleadingly informed and added an additional fee labeled as "Accrued Interest" to the underlying alleged principle, when in fact no such charge is permitted by law.

35. In addition, Defendant's additional charge, "Other Fees" is in violation of 15 U.S.C. § 1692e(2)(A), which prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt, where Defendant misleadingly informed and added an additional fee labeled as "Other Fees" to the underlying alleged principle, when in fact no such charge is permitted by law.

36. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated §§1692(e) and (f) *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**SECOND COUNT**
**Violation of 15 U.S.C. §§ 1692e**
**False or Misleading Representations**

37.  Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "38" herein with the same force and effect as if the same were set forth at length herein.

38. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

39. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

40. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

41. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

42. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be unlawfully received by any debt collector for the collection of a debt.

43. Defendant violated § 1692e by making a false representation that it is entitled to receive compensation for payment via an "Accrued Interest" additional fee.

44. The "least sophisticated consumer" would likely be deceived by the fee charged as "Accrued Interest" fee into believing that Defendant was legally entitled to collect the fee.

45. Defendant violated § 1692e by making a false representation that it is entitled to receive compensation for payment via an "Other Fees" additional fee.

46. The "least sophisticated consumer" would likely be deceived by the fee charged as "Other Fees" fee into believing that Defendant was legally entitled to collect the fee.

47. The least sophisticated consumer would likely be deceived in a material way by the

Defendant's conduct.

48. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect an alleged debt.

## THIRD COUNT
### 15 U.S.C. §1692g
### Failure to Adequately Convey the Amount of the Debt

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "52" herein with the same force and effect as if the same were set forth at length herein.

50. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

51. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

52. A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

53. Defendant's letter sets forth a Principal balance of $564.44

54. Defendant's letter then sets fourth: "Accrued Interest: $67.33, Other Fees: $197.08.

55. Defendant's letter fails to classify what these additional charges and interest are.

56. Defendant's letter then states "Payoff: 860.85."

57. The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC,* 817 F.3d 72. 76 (2d Cir. 2016).

58. The letter fails to include the "safe harbor" language concerning the accrual of interest and/or fees as set forth in *Jones v. Midland Funding, LLC,* 755 F. Supp. 2d 393, 398 (D.

Conn. 2010), *adhered to on reconsideration,* No. 3:08-CV-802 RNC, 2012 WL 1204716 (D. Conn. Apr.11, 2012).

59. The letter fails to advise Plaintiff that if Plaintiff pays the "Payoff: 860.85" an adjustment may be necessary after Defendant receives payment.

60. The letter fails to advise Plaintiff that Defendant will inform Plaintiff of the balance difference before depositing payment.

61. The letter fails to advise Plaintiff of the amount of potential late fees.

62. The letter fails to advise Plaintiff the amount of money the "Payoff: 860.85" will increase per day.

63. The letter fails to advise Plaintiff the amount of money the balance "Payoff: 860.85," will increase per week.

64. The letter fails to advise Plaintiff the amount of money the "Balance Due" will increase per month.

65. The letter fails to advise Plaintiff the amount of money the "Balance Due" will increase in any measurable period.

66. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

67. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the balance at any time after the receipt of the letter.

68. The least sophisticated consumer could also reasonably believe that the balance was accurate only on the date of the letter because of the continued accumulation of fees.

69. If interest is continuing to accrue, the least sophisticated consumer would not know how to

satisfy the debt because the letter fails to indicate the applicable fee.

70. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fail to indicate the amount of applicable and/or possible late fees.

71. The Letter states that the Interest rate is 0.00% and then is followed by Accrued interest $67.33.

72. Leaving the Least Sophisticated consumer confused as to what percent interest if any is being levied on this account.

73. For these reasons, Defendant failed to clearly state the amount of the debts.

74. For these reasons, Defendant failed to unambiguously state the amount of the debts.

75. The least sophisticated consumer would be confused as to how she could satisfy the debt.

76. The least sophisticated consumer will be confused as to what he actually owes.

77. For these reasons, the letters would likely make the least sophisticated consumer uncertain as to the amount of the debt.

78. For these reasons, the letters would likely make the least sophisticated consumer confused as to the amount of the debt.

79. Defendant violated 15 U.S.C. § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of debt.

**FOURTH COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

80. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "79" herein with the same force and effect as if the same were set forth at length herein.

11

81. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

82. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

83. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

84. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

85. An initial demand letter absent a proper validation notice is a violation of 15 U.S.C. § 1692g.

86. On or around November 04, 2016, Defendant mailed an initial demand letter to Plaintiff which asserted that the payoff amount of $860.85 was due and owing to Defendant.

87. The initial demand letter states in pertinent part, "Original Creditor: First Premier Bank., Creditor: First Premier Bank."

88. On the front of the letter Defendant failed to place any dispute and/or validation notice.

89. Absent from the front page of the letter is the consumer's dispute rights as required by 15 USC 1692g.

90. In Bold the letter states "**PLEASE SEE THE BACK OF THIS PAGE FOR ADDITIONAL AND IMPORTANT INFORMATION REGARDING THIS FILE.**"

91. On the Back of the letter, it states some New York resident rights.

92. Absent from the back page of the letter is the consumer's dispute rights as required by 15 USC 1692g.

93. The letter makes no other reference to any other pages.

94. Absent from the entirety of that letter is the consumer's dispute rights as required by 15 USC §1692G.

95. Absent from the letter is a dispute and/or validation notice.

96. Absent anywhere on the letter is a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

97. Absent anywhere in the letter is a statement indicating that if the consumer notifies the debt collector in writing within thirty days that the debt is disputed, the debt collector must obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification of judgment will be mailed to the consumer by the debt collector.

98. Absent anywhere in the letter is a statement that upon written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

99. Defendant violated 15 U.S.C. § 1692g by failing to provide a proper validation notice on the initial demand letter received by Plaintiff on November 04, 2017.

100.    Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

101.     Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

### FIFTH  COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Rights of the Consumer

102.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "36" herein with the same force and effect as if the same were set forth at length herein.

103.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

104.     While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

105.     Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

106.     The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

107.     For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately provide the consumer with statutorily mandated information notifying them of their rights is unfair and deceptive to the least sophisticated consumer.

108.     Because the collection letter in the instant case omits important information and may lead the consumer to act in a way contrary to her best interests, it is deceptive within the meaning of 15 U.S.C. § 1692e.

109.     The least sophisticated consumer would likely be deceived by Defendant's conduct.

110.     The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

111.    Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the Sirotkin Varacalli & Hamra, LLP, as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)    Awarding pre-judgment interest and post-judgment interest; and

(f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 13, 2017

Respectfully submitted,

By: /s/ Abraham Hamra
Abraham Hamra, Esq.
Sirotkin Varacalli & Hamra, LLP
110 East 59th Street, Suite 3200
New York, New York 10022
Phone:  (646) 590-0571
*Attorney for Plaintiff*

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.


Dated: March 13, 2017                              Respectfully Submitted,
                                                   By: <u>/s/ *Abraham Hamra*</u>
                                                   Abraham Hamra